IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| JENNIFER ELIZABETH MELERSKI, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:15-cv-00039 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| VIRGINIA DEPARTMENT OF | ) | By: Hon. Jackson L. Kiser |
| BEHAVIORAL HEALTH AND | ) | Senior United States District Judge |
| DEVELOPMENTAL SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant's Rule 12(b)(1) and Rule 12(b)(6) motions to dismiss Count VII of Plaintiff's Complaint. The parties have fully briefed the motions, and I have reviewed the relevant filings and counsel's arguments. For the reasons stated herein, I will grant the Rule 12(b)(1) motion. This ruling obviates consideration of the Rule 12(b)(6) motion, which I will deny as moot.

I. **STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**[1]

The Southern Virginia Mental Health Institute ("SVMHI") "is an inpatient mental health service provider responding to patients throughout the southern portion of the Commonwealth of Virginia." (See Compl. ¶ 7, Oct. 1, 2015 [ECF No. 1].) It is a state facility, operated by the Virginia Department of Behavioral Health and Developmental Services ("DBHDS"). (See id.) Beginning in October 2005, DBHDS employed Jennifer Elizabeth Melerski ("Plaintiff"). (Id. ¶ 8.) She worked at SVMHI until DBHDS terminated her employment on June 7, 2013. (Id. ¶ 52.)

---

[1] At this stage, the facts are recited in the light most favorable to Plaintiff, and reasonable inferences are drawn in her favor. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982).

Plaintiff has filed the present action against DBHDS, alleging unlawful discrimination and unlawful retaliation under various federal civil-rights statutes. Among Plaintiff's claims is Count VII,[2] which alleges retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., as amended, ("ADA"). In short, Plaintiff asserts that DBHDS unlawfully fired her for revealing her pregnancy and related conditions and for requesting accommodations for those conditions, which were ADA disabilities. (See generally id. ¶¶ 31–56, 123–32.) DBHDS has moved to dismiss Count VII. It contends that the Complaint insufficiently states Plaintiff's pregnancy-related conditions as ADA disabilities and that the Eleventh Amendment bars the claim.[3]

## II.  STANDARD OF REVIEW

When a state instrumentality moves, under Rule 12(b)(1),[4] to dismiss for Eleventh-Amendment immunity and asserts no factual matter beyond the complaint, a court need only determine whether the complaint "fails to allege facts" that would subject the instrumentality to the action. See Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). "In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." Id.

---

[2] The others are "Count I: Sex Discrimination/Sex-Based Wage Discrimination Pursuant to Title VII," "Count II: Retaliation Pursuant to Title VII," "Count III: Sex-Based Wage Discrimination Pursuant to the Equal Pay Act," "Count IV: Retaliation Pursuant to the Equal Pay Act," "Count V: Pregnancy Discrimination Pursuant to Title VII/the Pregnancy Discrimination Act," and "Count VI: Retaliation Pursuant to Title VII/the Pregnancy Discrimination Act."

[3] DBHDS and SVMHI, together, moved to dismiss. Plaintiff later agreed that SVMHI was an improper party, and I dismissed it from the case. (See Order, Dec. 17, 2015, [ECF No. 24].)

[4] "Difficult as it may be to describe precisely the nature of Eleventh Amendment immunity," Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 482 (4th Cir. 2005), "'[t]he recent trend . . . appears to treat Eleventh Amendment immunity motions under Rule 12(b)(1),'" Pele v. Pa. Higher Educ. Assistance Agency, 13 F. Supp. 3d 518, 521 (E.D. Va. 2014) (quoting Skaggs v. W. Reg'l Jail, No. CIV. A. 3:13-3293, 2014 WL 66645, at *4 (S.D.W. Va. Jan. 8, 2014)).

## III. DISCUSSION

DBHDS is immune from Plaintiff's Count VII.

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Eleventh Amendment immunity is but an example of state sovereign immunity as it applies to suits filed in federal court against unconsenting states by citizens of other states." Stewart v. North Carolina, 393 F.3d 484, 488 (4th Cir. 2005).[5] The "immunity also extends to 'state agents and state instrumentalities.'" Lee-Thomas v. Prince George's Cnty. Pub. Sch., 666 F.3d 244, 248 (4th Cir. 2012) (quoting Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997)).

"'The Eleventh Amendment bar to suit is not absolute,' however." Id. at 248–49 (quoting Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990)). For example, "'Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority.'" Id. at 249 (quoting Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001)). As relevant here, Congress' power to abrogate the immunity derives from its "power to enforce, by appropriate legislation, the provisions of [the Fourteenth Amendment]." U.S. Const. amend. XIV, § 5.

> "[T]he Eleventh Amendment, and the principle of state sovereignty which it embodies, are necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment." As a result, . . .

---

[5] Courts often "'refer[] to the States' immunity from suit as "Eleventh Amendment immunity." The phrase is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment.'" Stewart, 393 F.3d at 487–88 (quoting Alden v. Maine, 527 U.S. 706, 713 (1999)). The Eleventh Amendment "overruled the particular result in Chisholm[ v. Georgia, 2 U.S. (2 Dall.) 419 (1793)]," Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984), and merely "confirmed, rather than established, sovereign immunity as a constitutional principle," Alden, 527 U.S. at 728–29.

> Congress may subject nonconsenting States to suit in federal court
> when it does so pursuant to a valid exercise of its § 5 power.

Garrett, 531 U.S. at 364 (quoting Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976)). Congress has made plain that "[a] State shall not be immune under the eleventh amendment to the Constitution of the United States from an action in Federal or State court of competent jurisdiction for a violation of [the ADA]," 42 U.S.C. § 12202; however, "the ADA can apply to the States only to the extent that the statute is appropriate § 5 legislation," Garrett, 531 U.S. at 364.

"The ADA is divided into five separate titles: Title I, 'Employment'; Title II, 'Public Services'; Title III, 'Public Accommodations'; Title IV, 'Telecommunications'; and Title V, 'Miscellaneous Provisions.'" Mary Jo C. v. N.Y. State & Local Ret. Sys., 707 F.3d 144, 169 (2d Cir. 2013) (quoting Americans with Disabilities Act of 1990, Pub. L. No. 101-336, 104 Stat. 327, 327–28).[6] Plaintiff's ADA claim is for retaliation under 42 U.S.C. § 12203, one of the miscellaneous Title V provisions.

Section 12203(a) prohibits retaliation as follows: "No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." In pertinent part, § 12203(c) makes "[t]he remedies and procedures available under [42 U.S.C. §§] 12117, 12133, and 12188 . . . available to aggrieved persons for violations of subsection[] (a) . . . , with respect to [Title] I, [Title] II and [Title] III of [the ADA], respectively." A Title V retaliation action must

---

[6] Because "Telecommunications" is codified at 47 U.S.C. § 225, et seq., "Miscellaneous Provisions" is codified as the ADA's "Subchapter IV." For that reason, courts have differed in how they reference "Miscellaneous Provisions." See Garcia v. Haw. Health Sys. Corp., No. CIV. 14-00044 LEK-KS, 2014 WL 3672119, at *3 n.5 (D. Haw. July 23, 2014).

4

rest upon a previous Title's subject.[7] See Collazo-Rosado v. Univ. of P.R., 775 F. Supp. 2d 376, 384 (D.P.R. 2011).

When considering the appropriateness of Congress' abrogation of state immunity, "many courts" have treated Title V retaliation claims according to the underlying ADA subject. See Levy v. Kan. Dep't of Soc. & Rehab. Servs., 789 F.3d 1164, 1169 (10th Cir. 2015) (collecting cases).[8] This approach's reason is clear. Abrogation is appropriate for a Title V retaliation claim only if the act of abrogation appropriately enforces the Fourteenth Amendment as to the underlying ADA subject.

Plaintiff's allegation of employment-related ADA retaliation clearly stems from Title I. The Supreme Court has held that Congress did not validly abrogate states' immunity from actions under Title I. Garrett, 531 U.S. at 374. Because DBHDS would be immune from an action on any Title I violation, it must be immune from the similar Title V retaliation action.[9]

## IV. CONCLUSION

DBHDS' Rule 12(b)(1) motion will be granted as to Plaintiff's Count VII. Because the Eleventh-Amendment immunity completely disposes of Count VII, there is no occasion to

---

[7] The ADA's structure further confirms what subsections (a) and (c) make plain. Unlike Title V, each preceding Title addresses a distinct classification of disability protection. Title V's provisions generally relate to the meat of the preceding Titles.

[8] Fellow district courts within the Fourth Circuit have adhered to this approach. E.g., Smith v. Va. Dep't of Agric. & Consumer Servs., No. 3:12CV77, 2012 WL 2401749, at *7 (E.D. Va. June 25, 2012) (Title V retaliation predicated on Title I); Caudill v. S.C. Criminal Justice Acad., No. 3:10–2291, 2011 WL 4479594, at *2 (D.S.C. Aug. 11, 2011) (same), r. & r. adopted, 2011 WL 4474169 (D.S.C. Sept. 26, 2011); Demby v. Md. Dep't of Health & Mental Hygiene, No. CIV. CCB-06-1816, 2009 WL 415265, at *1 (D. Md. Feb. 13, 2009) (Title V retaliation predicated on Title II); Sarkissian v. W. Va. Univ. Bd. of Governors, No. CIV.A. 1:05CV144, 2007 WL 1308978, at *8 (N.D.W. Va. May 3, 2007) (same).

[9] Plaintiff argues the contrary from Sarkissian; however, that decision is materially distinct. In Sarkissian, the court held that the Eleventh Amendment did not bar a Title V retaliation claim predicated on Title II, as applied to public higher education. 2007 WL 1308978, at *8. The court had earlier observed that "Congress has validly abrogated immunity under Title II of the ADA as it applies to public higher education." Id. Title I abrogation was nowise at issue in Sarkissian.

5

address DBHDS' Rule 12(b)(6) motion or Plaintiff's contingent request for leave to amend, each of which will be denied as moot. Requested costs and attorney's fees will also be denied.[10]

The clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to all counsel of record.

Entered this 11th day of January, 2016.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

---

[10] On brief, DBHDS and Plaintiff make fleeting, boilerplate requests, respectively, for costs incurred in moving to dismiss and for attorney's fees. Because neither party states a basis for the award or its measure, the requests will be denied.